IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **BRENT G. BUTCHER,** <br><br> Plaintiff, <br><br> v. <br><br> **NANCY A. BERRYHILL,**[1] **Acting Commissioner of Social Security,** <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br><br> Case No. 2:16-cv-00574-PMW <br><br><br><br> Magistrate Judge Paul M. Warner |

All parties in this case have consented to Chief United States Magistrate Judge Paul M. Warner conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[2] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Brent G. Butcher's ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id.* §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill has been substituted for Acting Commissioner Carolyn W. Colvin as the Defendant in this action. *See* docket no. 28.

[2] *See* docket no. 13.

## BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. In August and October 2012, respectively, Plaintiff applied for DIB and SSI, alleging disability beginning in August 2012.[3] Plaintiff's applications were denied initially and upon reconsideration.[4] In July 2013, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[5] and that hearing was held on September 22, 2014.[6] On October 8, 2014, the ALJ issued a written decision denying Plaintiff's claims for DIB and SSI.[7] On May 16, 2016, the Appeals Council denied Plaintiff's request for review,[8] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On June 15, 2016, Plaintiff filed his complaint in this case.[9] The Commissioner filed her answer and the Administrative Record on August 8, 2016.[10] Plaintiff filed her opening brief on

---

[3] *See* docket no. 7, Administrative Record ("Tr. _____") 181-93.

[4] *See* Tr. 72-115.

[5] *See* Tr. 133-36.

[6] *See* Tr. 29-71

[7] *See* Tr. 8-28.

[8] *See* Tr. 1-6.

[9] *See* docket no. 3.

[10] *See* docket nos. 6-7.

October 28, 2016.[11] The Commissioner filed her answer brief on January 10, 2017.[12] Plaintiff filed her reply brief on January 24, 2017.[13]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a

---

[11] *See* docket no. 16.

[12] *See* docket no. 26.

[13] *See* docket no. 27.

determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine

4

"whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id.*; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## **ANALYSIS**

In support of his claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred: (1) in the assessment of certain medical opinions, (2) in the determination at step five, and (3) by failing to consider Plaintiff's obesity. The court will address those arguments in turn.

**I.     Medical Opinions**

Plaintiff first argues that the ALJ erred in evaluating the medical opinions of (A) Dr. Ryan Brady ("Dr. Brady"), (B) Dr. Andrea Matich ("Dr. Matich"), (C) Dr. Joseph Fyans ("Dr. Fyans"), and (D) Dr. Joseph J. Albano ("Dr. Albano").

In evaluating the weight assigned to medical opinions from treating sources, nontreating sources, and nonexamining sources, an ALJ must consider the following factors set forth in 20 C.F.R. §§ 404.1527(c) and 416.927(c):

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which

an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (quotations and citation omitted); *see* 20 C.F.R. §§ 404.1527(c), 416.927(c).

An ALJ is not required to discuss every factor set forth in the relevant regulations. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (stating that when an ALJ does not discuss every factor, it "does not prevent this court from according his decision meaningful review"). As with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

### A. Dr. Brady

Plaintiff argues that the ALJ erred by giving reduced weight to Dr. Ryan's opinions. In reaching that conclusion, the ALJ properly relied upon the fact that Dr. Ryan's opinions were inconsistent with his own treatment records as whole. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4); *see also Raymond v. Astrue*, 621 F.3d 1269, 1272 (10th Cir. 2009) (concluding that the ALJ reasonably discounted a treating source opinion because it was inconsistent with other medical evidence); *Pisciotta v. Astrue*, 500 F.3d 1074, 1078 (10th Cir. 2007) ("Medical evidence may be discounted if it is internally inconsistent or inconsistent with other evidence." (quotations and citations omitted)). The ALJ also properly relied upon the fact that Dr. Ryan's opinions were based on Plaintiff's own subjective complaints. *See Raymond*, 621 F.3d at 1272 (concluding that the ALJ reasonably discounted a treating source opinion that simply recited the claimant's subjective complaints). Because the ALJ relied upon proper factors in according

6

reduced weight to Dr. Brady's opinions, the court concludes that the ALJ did not err in evaluating those opinions.

**B.     Dr. Matich**

Plaintiff contends that the ALJ erred by giving reduced weight to Dr. Matich's opinions. In according those opinions discounted weight, the ALJ properly relied upon the fact that Dr. Matich's opinions were inconsistent with her own treatment notes. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4); *see also Raymond*, 621 F.3d at 1272; *Pisciotta*, 500 F.3d at 1078. The ALJ also properly relied upon the fact that Dr. Matich's limited treatment of Plaintiff did not support her opinions. *See* 20 C.F.R. §§ 404.1527(c)(2)(ii); 416.927(c)(2)(ii) (providing that an ALJ should consider the treatment provided to a claimant). The ALJ relied upon proper factors in giving Dr. Matich's opinions discounted weight. Accordingly, the court concludes that the ALJ did not err in evaluating those opinions.

**C.     Dr. Fyans**

Plaintiff maintains that the ALJ erred by giving favorable weight to the opinions of Dr. Fyans. Plaintiff's sole argument on this point is that because Dr. Fyans examined Plaintiff only once, the opinions of Dr. Fyans should be entitled to less weight than those of Plaintiff's treating sources. That argument fails. An ALJ is entitled to rely upon examining source opinions in giving reduced weight to treating source opinions. *See, e.g.*, *Eggleston*, 851 F.2d at 1247. Accordingly, the court concludes that the ALJ did not err in evaluating the opinions of Dr. Fyans.

**D.     Dr. Albano**

Plaintiff briefly argues that the ALJ erred in his evaluation of Dr. Albano's opinions. That argument is wholly without merit. As noted by the Commissioner, Plaintiff fails to provide a

record citation to any opinions of Dr. Albano. Further, the court is unable to locate any such opinions in the record.

## II. Step Five

Plaintiff argues that the ALJ erred at step five by determining that Plaintiff could perform three jobs listed in the Dictionary of Occupational Titles ("DOT") that require frequent reaching and frequent visual acuity. Plaintiff contends that the requirements of those jobs, as set forth in the DOT, are in conflict with his RFC and that the ALJ failed to resolve that conflict with the vocational expert ("VE"). That argument fails.

The ALJ included all of the limitations of the RFC assessment in the hypothetical provided to the VE. Then, as required by Social Security Ruling ("SSR") 00-4p, the ALJ asked the VE about any conflicts that existed between his testimony and the DOT. *See* SSR 00-4p; *see also Haddock v. Apfel*, 196 F.3d 1084, 1089-92 (10th Cir. 1999). Also as required by SSR 00-4p, the ALJ obtained a reasonable explanation for any such conflicts. *See* SSR 00-4p. The VE testified that, based on his experience, a person with Plaintiff's RFC could perform the identified jobs. As noted by the Commissioner, an ALJ may rely upon such testimony if it is based upon the VE's professional experience. *See Rogers v. Astrue*, 312 F. App'x 138, 142 (10th Cir. 2009) ("Because the VE testified that, on the basis of his professional experience, 11,000 sedentary hand packager jobs existed in the national economy, the apparent conflict between the DOT and the VE's testimony regarding the job's exertional requirement was reasonably explained, and the ALJ could rely on that testimony as substantial evidence to support her determination of nondisability."); *see also Haddock*, 196 F.3d at 1091 ("We do not mean by our holding that the [DOT] 'trumps' a VE's testimony when there is a conflict about the nature of a job. We hold

record citation to any opinions of Dr. Albano. Further, the court is unable to locate any such opinions in the record.

## II. Step Five

Plaintiff argues that the ALJ erred at step five by determining that Plaintiff could perform three jobs listed in the Dictionary of Occupational Titles ("DOT") that require frequent reaching and frequent visual acuity. Plaintiff contends that the requirements of those jobs, as set forth in the DOT, are in conflict with his RFC and that the ALJ failed to resolve that conflict with the vocational expert ("VE"). That argument fails.

The ALJ included all of the limitations of the RFC assessment in the hypothetical provided to the VE. Then, as required by Social Security Ruling ("SSR") 00-4p, the ALJ asked the VE about any conflicts that existed between his testimony and the DOT. *See* SSR 00-4p; *see also Haddock v. Apfel*, 196 F.3d 1084, 1089-92 (10th Cir. 1999). Also as required by SSR 00-4p, the ALJ obtained a reasonable explanation for any such conflicts. *See* SSR 00-4p. The VE testified that, based on his experience, a person with Plaintiff's RFC could perform the identified jobs. As noted by the Commissioner, an ALJ may rely upon such testimony if it is based upon the VE's professional experience. *See Rogers v. Astrue*, 312 F. App'x 138, 142 (10th Cir. 2009) ("Because the VE testified that, on the basis of his professional experience, 11,000 sedentary hand packager jobs existed in the national economy, the apparent conflict between the DOT and the VE's testimony regarding the job's exertional requirement was reasonably explained, and the ALJ could rely on that testimony as substantial evidence to support her determination of nondisability."); *see also Haddock*, 196 F.3d at 1091 ("We do not mean by our holding that the [DOT] 'trumps' a VE's testimony when there is a conflict about the nature of a job. We hold

merely that the ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability."). Because the ALJ obtained a reasonable explanation for any conflicts between the DOT and the VE's testimony, the court concludes that the ALJ did not err at step five.

## III.  Obesity

Finally, Plaintiff argues that the ALJ erred by failing to analyze the effects of Plaintiff's obesity. While Plaintiff is correct that the ALJ did not address his alleged obesity, it is noteworthy that Plaintiff did not raise any issues related to his alleged obesity in his disability applications, when submitting functional reports, or during his testimony at the administrative hearing before the ALJ. Furthermore, Plaintiff has not identified any specific functional limitations resulting from his obesity. Therefore, the court concludes that Plaintiff's argument on this point fails. *See Rose v. Colvin*, 634 F. App'x 632, 637 (10th Cir. 2015) (concluding that there was no reversible error when the ALJ did not discuss the claimant's obesity because the claimant pointed "to no medical evidence indicating that her obesity resulted in functional limitations" and "her hearing testimony did not describe limitations due to obesity"); *Jimison ex rel. Sims v. Colvin*, 513 F. App'x 789, 798 (10th Cir. 2013) (concluding that the ALJ did not err in handling the claimant's obesity because there was "no record indication of any functional limitations from [the claimant's] obesity or of any impairments possibly caused or exacerbated by her obesity that are inconsistent with the RFC").

## **CONCLUSION AND ORDER**

Based on the foregoing, the court concludes that all of Plaintiff's arguments fail. Accordingly, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 29th day of September, 2017.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge